UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLANDO S. MALDANADO,

    *Plaintiff*,                                CASE NO. 15-CV-10213

*v*.                                          DISTRICT JUDGE MARIANNE O. BATTANI
                                            MAGISTRATE JUDGE PATRICIA T. MORRIS

LOUIS SCIRRI,
DEBRA LUNCH,
TIM PLANCON,
GEORGE ZEMNICKAS, and
STEPHANIE HAYS,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**(Doc. 10)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**II.    REPORT**

    **A.**    **Introduction**

On January 20, 2015, Plaintiff Rolando Maldanado filed a *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[1] Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

prepayment of fees and ordered the U.S. Marshal to serve the complaint on all defendants. (Doc. 11.) Plaintiff alleges that he has been deprived of due process because although discovery paperwork indicated a white bag found during the search of his vehicle contained only toiletries, an erroneous allegation that the white bag contained cocaine led to another search of his residence and ultimately to federal charges and a "lengthy incarceration." (Doc. 1 at ID 6.) Plaintiff adds that this false evidence was presented to the court, was never addressed by the court despite Plaintiff's attorney filing a motion, and that this false evidence "may indicate possible prosecutorial misconduct." (*Id.*)

On October 20, 2015, Defendants field the instant motion for summary judgment. (Doc. 10.) The motion and all pretrial matters were referred to the undersigned magistrate judge on October 23, 2015. (Doc. 12.) Plaintiff filed his response, pursuant to the Court's order, on November 23, 2015. (Doc. 18.) Defendants filed their reply on December 21, 2015. (Doc. 19.) Accordingly, pursuant to E.D. Mich. LR 7.1(f)(1), these motions are ready for report and recommendation without oral argument.

**B.    Governing Law**

A civil rights action under 42 U.S.C. § 1983 or *Bivens* consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

A motion for summary judgment will be granted under Rule 56 of the Federal Rules of Civil Procedure when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has "'the initial burden of showing the absence of a genuine issue of material fact' as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot rest merely on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

3

one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a defendant moves for summary judgment on the basis of qualified immunity, the analysis involves three inquiries:[2]

> (i) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation has occurred;" (ii) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (iii) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."

*Radvansky v City of Olmsted*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003)). Courts are no longer required to address these inquiries sequentially; instead a court may use its sound discretion to determine which of the prongs of the qualified immunity analysis should be considered first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Supreme Court has clarified the interplay between qualified immunity and the summary judgment standards found in Rule 56(c) of the Federal Rules of Civil Procedure:

---

[2] In *Saucier v. Katz*, the Supreme Court identified only two of these prongs. 533 U.S. 194, 201 (2001). The second prong, however, integrated the "objective legal reasonableness of an official's conduct, as measured by reference to clearly established law." In *Dickerson v. McClellan*, the Sixth Circuit made the "objectively unreasonable" requirement a distinct third prong.

4

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations omitted).

### C.     Discussion

Defendants argue several grounds in support of their motion: (1) ths suit is Heck-barred; (2) none of the Defendants misrepresented the contents of the white bag; (3) the claims are barred by witness immunity; (4) the claims against Assistant United States Attorney Gorgon are barred by prosecutorial immunity; (5) any Fourth Amendment claim is barred by the statute of limitations; (6) plaintiff has not alleged that Defendants Gorgon, Scirri, Lynch or Plancon personally violated his constitutional rights; and (7) Defendants are entitled to qualified immunity. (Docs. 10, 19.)

I suggest that Plaintiff's complaint is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Generally, suits challenging the fact or duration of confinement must be brought under the habeas corpus statutes and not § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In *Heck v. Humphrey*, however, the U.S. Supreme Court considered whether

5

this rule should be modified where a prisoner does not seek release but instead seeks an award of monetary damages. The Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

This "favorable termination" rule bars § 1983 claims that "would necessarily imply the invalidity" of a prior conviction or sentence that has not been overturned. *Id.* at 487. However, if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (emphasis in original). The favorable termination rule "is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490, n.10; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). In addition, challenges based on procedural defects rather than erroneous results are also subject to the limitation announced in *Heck. Edwards v. Balisok*, 520 U.S. 650, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997) (if established, procedural defect would imply the invalidity of the deprivation of good-time credits and thus, was *Heck*-barred).

The *Heck* holding applies not only to state actions brought under § 1983 but also to *Bivens* actions like the instant case. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (joining the Fifth and Eleventh Circuits).

In the instant case, Plaintiff is challenging the conduct of the agents in the investigation,

6

the conduct of the Assistant United States Attorney in prosecution, the evidentiary rulings made by the court pertaining to the alleged false evidence, and his resulting lengthy incarceration. There can be no doubt that Plaintiff is challenging the validity of his conviction and the fact of his incarceration. Plaintiff contends that he "has successfully challenged his conviction;" (Doc. 18 at ID 92)  however, reference to the docket in his criminal case reveals otherwise. After pleading guilty and having sentence imposed, (Doc. 52,) Plaintiff filed a motion to vacate sentence which was denied, (Doc. 80,) he filed a motion for relief which was denied, (Doc. 96,) and certificates of appealability have been denied by the district court and Sixth Circuit. (Doc. 91, 92, 100.) Plaintiff remains incarcerated and has not been successful in his challenges to his conviction or sentence. Accordingly, I suggest that Plaintiff's claims are *Heck*-barred and that Defendants' motion for summary judgment should be granted. Based on this recommendation, Defendants' alternative grounds for summary judgment need not be addressed.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others,

will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 24, 2016              S/ PATRICIA T. MORRIS
                                  Patricia T. Morris
                                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Rolando S. Maldanado 45027-039 at Allenwood Federal Prison Camp, P.O. Box 1000, White Deer PA, 17887.

Date: March 24, 2016              By s/Kristen Krawczyk
                                  Case Manager to Magistrate Judge Morris