UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLANDO S. MALDANADO,

    Plaintiff,

v.

LOUIS SCIRRI,
DEBRA LUNCH,
TIM PLANCON,
GEORGE ZEMNICKAS, and
STEPHANIE HAYS,

    Defendants.

_____/

CASE NO. 15-cv-10213

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

The present case arises from Plaintiff Rolando Maldanado's *pro se* prisoner civil rights complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388, 389 (1971). Plaintiff's claim alleges a deprivation of due process based on an erroneous allegation regarding Plaintiff's possession of cocaine paraphernalia, which led to another search and ultimately to a federal conviction. Plaintiff claims that damages arise from the Defendants' allegedly unconstitutional search during his criminal prosecution.

Before the Court are Plaintiff's objections to the Magistrate Judge's Report and Recommendation (R&R). (Doc. 23). Magistrate Judge Patricia T. Morris considered Defendants' Motion for Summary Judgment (Doc. 10), and on March 24, 2016, entered

an R&R recommending that the Court grant Defendants' motion (Doc. 21). In their motion, Defendants raised several affirmative defenses to Plaintiff's claim, but the R&R addresses only the issue of whether Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R and **GRANTS** Defendants' Motion for Summary Judgment.

## II. STANDARD OF REVIEW

### A. Report and Recommendations

Pursuant to statute, this Court's standard of review for a magistrate judge's report and recommendation requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

### B. Summary Judgment

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." State Farm Fire & Cas. Co. v. McGowan, 421 F.3d 433, 436 (6th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light

most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" Brown v. Scott, 329 F. Supp. 2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. Anderson, 477 U.S. at 248; McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 251.

## III. DISCUSSION

Plaintiff, Rolando S. Maldando, filed a *pro se* prisoner civil rights complaint against Defendants. The named Defendants consist of D.E.A. Special Agent Louis Scirri, D.E.A. Special Agent Debra Lynch, Supervisory Special Agent Tim Plancon, Deaborn Police Corporal George Zemnickas, and U.S. Attorney Stephanie Hays. Because the Defendants are federal officials, civil damages are brought pursuant to Bivens, which provides for a "judicially created damages remedy to vindicate violations of constitutional rights by federal actors." See 403 U.S. at 395.

3

The question confronted in the R&R is whether Plaintiff's suit is cognizable under Bivens or whether it should have been brought as a habeas corpus action. Generally, "habeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck, 512 U.S. at 481. In Heck v. Humphrey, a prisoner proceeding *pro se* filed a suit under 42 U.S.C. § 1983. Id. at 479. Although the complaint sought monetary damages and not a speedier release, the Court noted that a claim seeking monetary damages could nonetheless demonstrate the invalidity of the conviction and thereby implicate habeas corpus. Id. at 481-82. The court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, "a *§ 1983* plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Alternatively, if a court determines that "the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. This holding applies not only to state actions brought under § 1983 but also to Bivens actions such as the instant case. Robinson v. Jones, 142 F.3d 905, 906-07 (6th Cir. 1998).

Magistrate Judge Morris correctly determined that Plaintiff's present claim attempts to challenge the validity of his conviction and the fact of his incarceration.

4

(Doc. 21, p. 7). Plaintiff contended in his response brief that he had "successfully challenged his conviction." (Doc. 18, p. 4). However, as referenced in the R&R, the docket in Plaintiff's criminal case reveals otherwise. (Doc. 21, p. 7; see also United States v. Maldanado, 2:10-cr-20607, Docs. 52, 80, 91, 92, 96, 100).

In Plaintiff's objection to the Magistrate's R&R, he contends that because the good faith exception to the exclusionary rule and the inevitable discovery doctrine would render the evidence obtained during the search admissible, a judgment in his favor would not imply the invalidity of his conviction. From a procedural standpoint, because Plaintiff failed to raise these arguments before the Magistrate Judge (see Doc. 18), he is not permitted to raise them now in objection to the R&R. See Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citing cases); Uduko v. Cozzens, 975 F. Supp. 2d 750, 756 (E.D. Mich. 2013) ("The Sixth Circuit holds that issues raised for the first time in objections to an R&R are deemed waived.").

From a merits standpoint, Plaintiff misapplies the good faith exception and the inevitable discovery doctrine. The good faith exception relates to officers' reasonable reliance on a search warrant, whereas in this case there was consent to the search. See United States v. Leon, 468 U.S. 897, 902-03 (1984). The inevitable discovery doctrine is also an exception to the exclusionary rule that "allows unlawfully obtained evidence to be admitted at trial if the government can prove by a preponderance that the evidence inevitably would have been acquired by other means." United States v.

5

<u>Kennedy</u>, 61 F.3d 494, 497 (6th Cir. 1995) (citing <u>Nix v. Williams</u>, 467 U.S. 431, 444 (1984)). Here, Plaintiff does not expand on how the evidence would have been discovered by lawful means in the absence of the allegedly unconstitutional search. Even if Plaintiff could establish that the evidence in question would have been admissible, it would undermine his entire claim that he was deprived of due process because he would not be able to demonstrate any injury or damages.  Therefore, Plaintiff's suit is necessarily <u>Heck</u>-barred because a showing of damages based on an unconstitutional incarceration would necessarily challenge the validity of his conviction.

## IV.  CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R and **GRANTS** Defendants' motion for Summary Judgment.

**IT IS SO ORDERED.**

Date:  September 13, 2016               s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 13, 2016.

                                        s/ Kay Doaks
                                        Case Manager